# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TONY MIKESELL, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:10CV78 CEJ |
| JON FEUHRER and MARDELL McGEE, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's submission of a civil complaint and motion to proceed in forma pauperis. Upon review of the complaint, the Court finds that subject matter jurisdiction is lacking. As a result, the Court will dismiss this action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

In his complaint, plaintiff alleges that his home was foreclosed upon in a state court action but that he was not notified until very recently of the foreclosure. Plaintiff claims that Jon Feuhrer had loaned him money for the purchase of his home and that Feuhrer sold the loan to Mardell McGee for $1.00. Plaintiff says that he has hazardous chemical materials in his home, such as 35 pounds of mercury. Plaintiff believes that certain contractors, who are not named as defendants, will take the mercury and other chemical materials from his home and dispose of them in a landfill. Plaintiff wishes to

enjoin these contractors from removing any chemicals from his home. Plaintiff seeks a reasonable amount of time to remove the chemicals and to dispose of them in a lawful manner.

The complaint does not state any basis for this Court's jurisdiction. And the Court, in its independent research, has found no basis for subject matter jurisdiction over the facts of this case. As alleged, it appears that the only claims in this case come under state law. That is, either the materials in question are the property of plaintiff or they are not. If they are, then plaintiff's cause of action is for an unlawful taking, which is a state law claim.

The Court has reviewed the federal statutory regulations regarding hazardous waste and finds no authority that would allow plaintiff to prosecute a civil action against defendants under these facts. Cost recovery suits may be brought by private actors under § 107(a) of CERCLA, 42 U.S.C. § 9607(a), but there are no allegations in this case that plaintiff has incurred costs from the release of hazardous substances, so the complaint does not state a claim for relief under § 107(a). Additionally, Congress has authorized "citizen suits" pursuant to most federal environmental statutes. E.g., Matthew Bender & Company, Inc., *4-16 Law of Hazardous Waste § 16.03* (2009). However, before filing a citizen suit, among other things, a citizen must notify the appropriate enforcement agency and give it the first opportunity to institute a court

action.  See Id. at fn 11; 33 U.S.C. § 1365(b)(1); 42 U.S.C. § 6972(b).  A citizen suit may not be commenced against

> — any person who is alleged to be violation of any permit, standard, regulation, condition, requirement, prohibition, or order pursuant to the Solid Waste Disposal Act prior to 60 days after the plaintiff has given notice of the violation to the EPA Administrator, to the state in which the alleged violation occurred, and to the alleged violator.
>
> — the EPA Administrator for nonperformance of a nondiscretionary act or duty under the Act prior to 60 days after the plaintiff has notified the Administrator that the plaintiff will commence the action.
>
> — any person for the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment prior to 90 days after the plaintiff has given notice of the endangerment to the EPA Administrator, the state in which the alleged endangerment may occur, and any person alleged to have contributed or to be contributing to the handling, storage, treatment, transportation or disposal of the waste.

61C Am. Jur. 2d Pollution Control § 1258 (2009).

Plaintiff has not alleged that he has notified the EPA or any other federal enforcement agency of his bringing this action in this Court.  As a result, he has not alleged any facts that would demonstrate that he has met the procedural requirements for bringing a citizen suit under the federal environmental statutes.

Additionally, there is no indication in the complaint that plaintiff has standing to bring this action.  To have standing to bring suit in federal court, a plaintiff must have

suffered an "injury in fact." Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167, 180-181 (2000); Lujan v. Defenders of Wildlife (Lujan '92), 504 U.S. 555, 560-561 (1992). "[T]he 'injury in fact' test requires more than an injury to a cognizable interest [in the environment]. It requires that the party seeking review be himself among the injured." Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972). In this action, plaintiff has not alleged that he will suffer any personal injury if the hazardous materials are disposed of in the fashion he alleges that they will be. As a result, the Court finds that plaintiff lacks standing to bring this lawsuit.

For these reasons, the Court finds that subject matter jurisdiction over this case is lacking. As a result, the Court will dismiss this action under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [#2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [#4] is **denied** as moot.

**IT IS FURTHER ORDERED** that this action is **dismissed** for lack of subject matter jurisdiction.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of January, 2010.

                                              CAROL E. JACKSON
                                              UNITED STATES DISTRICT JUDGE